Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Morris R. Silverman against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Alex S. Lyman, of New York City (Frederick L. Wheeler, of New York City, of counsel), for appellant.

Samuel J. Siegel, of New York City (Louis H. Solomon, of New York City, of counsel), for respondent.

---

ROFFMANN et al. v. THIRD AVE. RY. CO.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. DAMAGES ⊝⟳113—PERSONAL PROPERTY—MEASURE.

Damages for a total destruction of plaintiffs' wagon from collision with one of defendant's cars would be the value of the wagon at the time of the accident.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 90, 91, 279, 280; Dec. Dig. ⊝⟳113.]

2. DAMAGES ⊝⟳139—INJURY TO PERSONAL PROPERTY—EVIDENCE—JUDGMENT.

. In an action to recover for a total destruction of plaintiffs' wagon from a collision with defendant's car, where the court allowed plaintiff to testify that he paid $200 for the wagon three years before, and had expended $165 for repairs, and there was no evidence that the price was its fair market value, or that the expense for repair was fair and reasonable, or as to its value immediately before the accident, judgment for plaintiff for $202 was without basis in the evidence.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 400–403; Dec. Dig. ⊝⟳139.]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

⊝⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Henry Roffmann and Charles Roffmann, composing the firm of Carl Roffmann's Sons, against the Third Avenue Railway Company. From a judgment entered in favor of the plaintiff for the sum of $202, defendant appeals. Reversed, and new trial granted.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

James L. Quackenbush, of New York City (James M. O'Neill and Joseph S. Meadow, both of New York City, of counsel), for appellant.

Charles Brandt, Jr., of New York City, for respondents.

PER CURIAM. The action is in negligence and to recover the damages to plaintiffs' wagon arising out of a collision with one of defendant's electric cars. Upon conflicting testimony the learned court decided that defendant was solely responsible for the accident, and the finding in that respect is not so against the weight of evidence as to call for a reversal of the judgment upon that ground.

[1, 2] We think, however, that gross error was committed, not alone in the admission of testimony on the question of damages, but that the evidence of damage as finally submitted was wholly insufficient as the basis of any judgment. The claim for damages was for a total destruction of the wagon, and consequently the question to be determined upon that issue was the value of the vehicle at the time of the accident. The court permitted plaintiffs to testify, under objection and exception, that they paid for it three years before $200, and that since then they expended thereon for repairs $165. No attempt was made to show the reasonable value of the wagon when purchased, or in other words that the purchase price paid was its fair market value, nor that the amount paid for repairs was fair and reasonable. Furthermore, there is not a scintilla of testimony showing the value of the wagon immediately before the accident.

Judgment reversed, and new trial granted, with $30 costs to the appellant to abide the event.